UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARETHA HARRIS,

    Plaintiff,

v.     Civil Action No.

PATRICK R. DONAHUE, *et al.*,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* on her *pro se* complaint. The application will be granted and the complaint will be dismissed.

Plaintiff has filed a "civil tort complaint," Compl. at 1 (page numbers designated by the Court), against the Postmaster General and one other United States Postal Service employee for their alleged refusal to accept and deliver by certified mail materials to the Fingerhut Corporation in Minnesota, *see id.* 3-4. The defendants' "misconduct . . . has caused the plaintiff mental stress, mental strain, anger, and embarrassment," *id.* at 5, and she demands damages of $2 million from each defendant, *id.* at 6. The Court is mindful of plaintiff's *pro se* status, and liberally construes her claim as one under the Federal Tort Claims Act ("FCTA") against the United States of America.

The FTCA provides that the "United States shall be liable [for tort claims] in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674(a). It requires that a claimant present her claim to the appropriate federal agency prior to filing a civil action in a federal district court. *McNeil v. United States*, 508 U.S. 106, 113 (1993); 28 U.S.C. § 2675(a) (requiring claimant to present claim "for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the

Government while acting within the scope of his office or employment . . . to the appropriate Federal agency" from which written notice of the denial of the claim has been forwarded to the claimant before a suit may be filed). Assuming without deciding that the FTCA applies, it does not appear that plaintiff has exhausted her administrative remedies by having presented her claim first to the appropriate agency. Absent exhaustion, this Court lacks subject matter jurisdiction. *See McNeil*, 508 U.S. at 113.

The Court will dismiss this action for lack of subject matter jurisdiction. An Order consistent with this Memorandum Opinion is issued separately on this same date.

/s/ 
United States District Judge

DATE: 11/4/2011